*FOR PUBLICATION*

---

# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX
## APPELLATE DIVISION

---

ELIZABETH SIMMONDS,

                Appellant,

           v.

GOVERNMENT OF THE VIRGIN ISLANDS
AND DR. AMADOR MARTINEZ,

                Appellees.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

D.C. CIV APP. NO. 2003/0137a
Sup. CT. CIV NO. 0617/1998

RECEIVED
CLERK OF THE
DISTRICT COURT
ST CROIX
9 APR 22 AM 10:01

On Appeal from the Superior Court of the Virgin Islands

### Considered: August 15, 2008
### Filed: April 22, 2009

BEFORE: **CURTIS V. GÓMEZ,** Chief Judge, District Court of the
Virgin Islands; **RAYMOND L. FINCH,** Judge of the District
Court of the Virgin Islands; and **MICHAEL C. DUNSTON**
Judge of the Superior Court of the Virgin Islands,
sitting by designation.

ATTORNEYS:

**Lee J. Rohn, Esq.**
**K. Glenda Cameron, Esq.**
St. Croix, U.S.V.I.
    Attorneys for Appellant,

**Wilfredo A. Geigel, Esq.**
St. Croix, U.S.V.I.
    Attorney for Appellee.

*Elizabeth Simmonds v. Gov't of the V.I. et al.*
D.C.Civ.App. No. 2003/0137A
Memorandum Opinion
Page 2

## Memorandum Opinion

Appellant, Elizabeth Simmonds ("Simmonds") appeals a Superior Court("court" or "Superior Court") order granting summary judgment in favor of Dr. Amador Martinez and dismissing her medical malpractice claims with prejudice.[1]

### I. FACTUAL AND PROCEDURAL POSTURE

The facts viewed in a light most favorable to Simmonds are as follows. At the time of the incident, Appellee, Dr. Amador Martinez ("Martinez"), was a medical physician and health care provider.[2] Simmonds was his patient. On April 28, 1995, Simmonds presented herself to the Juan F. Luis Hospital ("hospital") complaining of body aches and pain.

On even date, Simmonds was treated in the hospital emergency

---

[1] At the time the trial court considered this matter, it was known as the Territorial Court of the Virgin Islands and its judges were referred to as Territorial Court Judges.  Effective January 1, 2005, however, the name of the Territorial Court changed to Superior Court of the Virgin Islands. *See* Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004). Recognizing this renaming, we employ the term Superior Court.

[2] "Health care provider" means a person, corporation, facility or institution who must be licensed by this territory to provide health care or professional medical services including a medical, osteopathic, chiropractic or naturopathic physician, hospital, dentist, registered or licensed practical nurse to include the Advanced Practice Registered Nurse, optometrist, podiatrist, physical therapist, psychologist, paramedical personnel, emergency medical technician, pharmacist and laboratory technician.

V.I. Code Ann. tit, 27, § 166(c).

*Elizabeth Simmonds v. Gov't of the V.I. et al.*
D.C.Civ.App. No. 2003/0137A
Memorandum Opinion
Page 3

room by Martinez. He determined that she was suffering from a vaginal infection and prescribed a vaginal cream. Simmonds alleges that while Martinez was showing her how to apply the medication, he touched her inappropriately and instructed her to masturbate. Simmonds further alleges that on his next visit, Martinez exposed himself to her in an aroused state and asked her to handle his genitals. Simmonds immediately complained to police, medical staff and Drs. Ralph DeChabert and Lloyd Henry, none of whom informed her that Martinez' actions constituted a legal cause of action for medical malpractice.

On October 15, 1997, Simmonds received a medical report stating that although Martinez' medical diagnosis seemed appropriate, his conduct otherwise fell "below the standard of acceptable care for a physician." (App. 16.) On November 1, 1997, over two years after the incident, Simmonds filed a verified complaint with the Medical Malpractice Action Review Committee ("Committee"). Therein, she averred that Martinez' actions fell short of the recognized standard of care because he failed to properly diagnose her condition, treat her condition, or use proper procedures in the treatment of her condition. She also filed a Notice of Intention to Sue with the Office of the Governor on November 1, 1997. On July 22, 1998, she filed the underlying action with the Superior Court of the Virgin Islands.

*Elizabeth Simmonds v. Gov't of the V.I. et al.*
D.C.Civ.App. No. 2003/0137A
Memorandum Opinion
Page 4

On April 25, 2001, the Government moved for summary judgment for Simmonds' failure to comply with the mandatory jurisdictional pre-filing procedures of the Virgin Islands Tort Claims Act and the Virgin Islands Medical Malpractice Act.[3]   The Government's motion was granted by order entered March 12, 2002, and Simmonds' cause against the Government was dismissed. Thereafter, Martinez also moved for judgment on the pleadings or in the alternative summary judgment for Simmonds' failure to comply with statutory pre-filing requirements.

In her opposition to Martinez' motion, Simmonds relied on *Larabee v. Government of the Virgin Islands*.[4]   She countered that her filings were timely because her medical malpractice cause of action was tolled until October 15, 1997.[5] By memorandum opinion entered on August 5, 2003, the court rejected Simmonds' argument, granted Martinez' motion and dismissed the action. This timely appeal followed.

---

[3] The Government was previously dismissed as a party.

[4] 40 V.I. 46, 48 (Terr. Ct. 1999).

[5] When Simmonds received the examiner's report and learned that Martinez' conduct was an actionable malpractice claim.

*Elizabeth Simmonds v. Gov't of the V.I. et al.*
D.C.Civ.App. No. 2003/0137A
Memorandum Opinion
Page 5

## II. JURISDICTION AND STANDARD OF REVIEW

### A. Jurisdiction

On March 12, 2002, by summary judgment order, the trial court dismissed Simmonds' claim against the Government. On August 5, 2003, the trial court entered a final summary judgment order against Simmonds. However, Simmonds' August 18, 2003, notice of appeal only references the trial court's August 5, 2003 order and does not explicitly challenge the court's earlier, March 12, 2002 order. (J.A. 5.) We must thus satisfy ourselves of jurisdiction over the trial court's March 12, 2002 order.

In determining the breadth of an appellate court's review of prior non-final orders and ruling, notices of appeals are liberally construed. *General Motors v. New A.C. Chevrolet, Inc.*, 263 f.3d 296, 311 (3d. Cir. 2001). Appellate courts have reviewed orders not specified in the notice of appeal where: (1) there is a connection between the specified and unspecified order, (2) the intention to appeal the unspecified order is apparent, and (3) the opposing party is not prejudiced and has a full opportunity to brief the issues. *See Plonski v. Trump Taj Mahal Assocs.*, 137 F.3d 139, 144 (3d Cir. 1998)(exercising jurisdiction over order granting attorney's fees even though notice of appeal specified only the order granting summary judgment); *Tabron v. Grace*, 6 F.3d 147, 153 n.2 (3d. Cir. 1993)(reviewing order denying request

*Elizabeth Simmonds v. Gov't of the V.I. et al.*
D.C.Civ.App. No. 2003/0137A
Memorandum Opinion
Page 6

for counsel even though notice of appeal specified only the order

granting summary judgment).[6]

Review over the March 12, 2002 order is appropriate here.

The March 12, 2002 order, like the August 5, 2003 order

concerns Simmonds' failure to satisfy statutory filing

requirements. Hence, not only is there a clear connection

between the specified and unspecified order, but the two orders

are directly related to one another.

Moreover, the final judgment rule barred Simmonds from

appealing the first summary judgment order until the Superior

Court granted Martinez' motion for summary judgment.[7] *See* Fed. R

_____

[6] Since . . . only a final judgment or order is appealable, the appeal from a final judgment draws in question all prior non-final orders and rulings." *See Drinkwater*, 904 F.2d at 858 (exercising jurisdiction over unspecified order because finality doctrine barred plaintiff from appealing that order until after the entry of final judgment) (citing *Elfman Motors, Inc. v. Chrysler Corp.*, 567 F.2d 1252, 1253 (3d Cir. 1977); *see also Polonski v. Trump Taj Mahal Assocs.*, 137 F.3d 139, 144 (3d Cir.), cert. denied, 119 S. Ct. 66 (1998) ("[Liberal] treatment is particularly appropriate where the order appealed is discretionary and relates back to the judgment sought to be reviewed."); *Tabron*, 6 F.3d at 153 n.2 ("We construe notices of appeal liberally as covering unspecified prior orders if they are related to the specified order that was appealed from..."); Wright, Miller & Cooper, Federal Practice & Procedure, Jurisdiction 3d § 3949.4 ("[A] notice of appeal that names the final judgment is sufficient to support review of all earlier orders that merge in the final judgment under the general rule that appeal from a final judgment supports review of all earlier interlocutory orders..."); *Pacitti v. Macy's*, 193 F.3d 766, 776 (3d Cir. 1999).

[7] Where the court directs the entry of judgment as to one or more, but fewer than all of the claims and parties, it must expressly direct entry of judgment in order, for its order to qualify for Rule 54(b) certification as a "Final Judgment." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427 (1956); *Johnson v. Orr*, 897 F.2d 128, 131 (3d Cir. 1990).

*Elizabeth Simmonds v. Gov't of the V.I. et al.*
D.C.Civ.App. No. 2003/0137A
Memorandum Opinion
Page 7

Civ. P. 54(b).[8] Simmonds' notice of appeal from the final

summary judgment order, therefore, brought up for review the

earlier interlocutory summary judgment order. *See Polonski*, 137

F.3d at 144; *Tabron*, 6 F.3d at 153; Wright, Miller & Cooper,

Federal Practice & Procedure, Jurisdiction 3d § 3949.4.

Additionally, Martinez and the Government share counsel. As

such, the Government unequivocally had notice of Simmonds' intent

to appeal the prior summary judgment ruling. This is particularly

true where Simmonds sought review of the entire judgment and

argued the merits of the earlier dismissal order in her opening

appellate brief. (J.A. 4, 18-19.) *See Canady v. Crestar Mortgage*

*Corp.*, 109 F.3d 969, 974 (4th Cir. 1997)(noting that arguing

merits of issue in opening appellate brief puts appellee on

notice as to that issue); *Pacitti by Pacitti v. Macy's*, 193 F.3d

766, 777 (3d Cir. 1999). As such, both the Government and

Martinez were on notice of Simmonds' intention to appeal the

March 12, 2002 order, had an opportunity to fully brief the

issues and we therefore discern no prejudice to Martinez or the

Government. Accordingly, we shall exercise jurisdiction over both

---

[8] When an action presents multiple parties, any order that adjudicates
fewer than all the claims or rights of the liabilities of fewer than all the
parties does not end the action as to any of the claims or parties and may be
revised at any time before the entry of judgment adjudicating all the claims
and all the parties right and liabilities, unless the trial court expressly
determines otherwise. *See Id.*

*Elizabeth Simmonds v. Gov't of the V.I. et al.*
D.C.Civ.App. No. 2003/0137A
Memorandum Opinion
Page 8

the March 12, 2002 order and the August 5, 2003 order.[9]

### B. Standard of Review

This Court exercises plenary review over an order denying summary judgment and must "apply the same test that the lower court should have utilized." *Texaco Antilles Ltd. v. Creque*, 273 F. Supp. 2d 660, 662 (D.V.I. 2003).[10] In conducting such review, we must consider questions of law, jurisdiction or interpretation of statute de novo. *See Gov't of the V.I. v. Albert*, 89 F. Supp. 2d 658, 663(D.V.I. App. Div. 2001); *Max's Safood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 673 (3d Cir. 1999). However, we afford the more deferential clear error review to factual determinations. *Id.*

While a party seeking summary judgment bears the initial

---

[9] *See* Revised Organic Act of 1954 § 23A, 48 U.S.C. § 1613a. The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645 (1995 & Supp.2003), *reprinted in* V.I. Code Ann. 73-177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp.2003) (preceding V.I. Code Ann. tit. 1); V.I. Code Ann. tit. 4, § 33 (2001).

[10] A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Texaco Antilles Ltd. v. Creque*, 273 F. Supp. 2d 660, 662 (D.V.I. 2003). Summary judgment may be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* Once the moving party properly supports its motion for summary judgment, the non-moving party must establish a genuine issue of material fact in order to preclude a grant of summary judgment. *Id.* The evidence and inferences drawn therefrom must be viewed in the light most favorable to the nonmovant. *Id.* "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.*

*Elizabeth Simmonds v. Gov't of the V.I. et al.*
D.C.Civ.App. No. 2003/0137A
Memorandum Opinion
Page 9

burden to establish the absence of a genuine issue of material

fact in dispute, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 325

(1986)(citations omitted), that burden then shifts to the

nonmoving party to establish a genuine issue of material fact to

avoid summary judgment. FED. R. CIV. P. 56 advisory committee

notes (1963 amendment); *Matsushita Elec. Indus. Co. v. Zenith*

*Radio Corp.*, 475 U.S. 574, (1986)(citations omitted); *Robertson*

*v. Allied Signal, Inc.*, 914 F.2d 360, 366 (3d Cir. 1990).

The Third Circuit Court of Appeals has noted, however, that

the burden usually borne by the defendant to establish the

statute of limitations shifts to the plaintiff where the

plaintiff "seeks to establish that the discovery rule should

apply to his or her particular case." *Van Buskirk v. Carey*

*Canadian Mines, Ltd.*, 760 F.2d 481, 487 (3d Cir. 1985)(noting

that burden-shifting also applies where plaintiff does not file

within the statutory period and claims tolling by fraud,

equitable estoppel or the discovery rule).

## III. ANALYSIS

### A.   Pre-filing procedures of the Virgin Islands Tort Claims Act and the Medical Malpractice Act

This medical malpractice action turns on determinations of

time, statutes of limitation and the equitable tolling doctrine.

To maintain a medical malpractice or breach of contract action

*Elizabeth Simmonds v. Gov't of the V.I. et al.*
D.C.Civ.App. No. 2003/0137A
Memorandum Opinion
Page 10

against a government healthcare provider, a Plaintiff must comply

with two mandatory, jurisdictional pre-filing procedures.

The first is filing a Notice of Intention to Sue with the

Office of the Governor, within ninety days of the action.[11] *See*

V.I. Code Ann. tit. 33, § 3410 ("Virgin Islands Tort Claims Act"

or "VITCA"); *See also Quinones v. Charles Harwood Memorial*

*Hospital*, 573 F. Supp. 1101(D.V.I. 1983). The second involves

filing a verified proposed complaint with the Medical Malpractice

Review Committee, within two years of the conduct.[12]  *See* V.I.

Code Ann. tit. 27, § 166i ("Health Care Providers Malpractice

Act" or "MMA").  These procedures must be strictly adhered to

before an action for medical malpractice may commence. *Id.*

_____

[11] To comply with VITCA pre-filing procedures a claimant must file a
claim or notice of intent with the Office of the Governor. The claimant must
also serve a copy upon the Attorney General of the Virgin Islands within 90
days from the accrual of the claim. The notice of intent must comply with the
requirements of 33 V.I.C. § 3410 by stating the following:
(1) Time, when, and place where such claim arose, and
(2) The nature of the claim, and
(3) A verification. *Id.*

[12] Section 166d states that:

a claim, whether in contract or tort may not be brought against a
health care provider based on unprofessional services or health care
rendered unless filed within two years from the date of the alleged
act, omission or neglect.

*Id.*
Section 166d further codifies two exceptions to that general
rule (1) when the injury results in a foreign object being left in the
patient's body or (2) when the health care provider acts in bad faith.
*Id.*

*Elizabeth Simmonds v. Gov't of the V.I. et al.*
D.C.Civ.App. No. 2003/0137A
Memorandum Opinion
Page 11

However, our local Tort Claims Act and Medical Malpractice Act do not exclusively address the same potential defendants. The purpose of the Virgin Islands Tort Claims Act ("VITCA") is to explicitly give the Government early notice of the basic facts and the nature of the tort claim being asserted against the Government. Thereby allowing the Government to investigate and assess the claim while the evidence is still fresh. *Saludes v. Ramos*, 744 F.2d 992, 996 (3d Cir. 1984)(reversed and remanded on other grounds). Hence, the VITCA only applies where the Government is a party to an action.

In contrast, the Medical Malpractice Act ("MMA") does not exclusively concern itself with actions against the Government.[13] Instead, it applies to both the Government and private health care providers who are protected under the MMA. *Id.*[14] The MMA also distinguishes itself from the VITCA because it does not impose a ninety day requirement to file a proposed complaint with the Malpractice Review Committee. *Id.*

Rather, the MMA's two year limitations period provides that no claim, whether in contract or tort, may be brought against a

---

[13] The Act is "applicable to claims against the Government only because the Government owns and operates two public hospitals in the Virgin Islands." 27 V.I.C. § 166(d), (e); *Saludes* 744 F.2d at 995 (3d Cir. 1984).

[14] In this matter we are concerned with the application of both the VITCA and MMA to the Government and solely the MMA to Martinez.

*Elizabeth Simmonds v. Gov't of the V.I. et al.*
D.C.Civ.App. No. 2003/0137A
Memorandum Opinion
Page 12

health care provider based on professional services or health

care rendered unless filed within *two years* from the date of the

alleged act, omission, or neglect.[15] 27 V.I.C. § 166d (emphasis

added). Section 166d codifies two exceptions to that general

rule: (1) when the injury results in a foreign object being left

in the patient's body or (2) when the health care provider acts

in bad faith.[16] *Id.; see also Phillips v. Taylor*, 18 V.I. 437

(Terr. Ct. 1981).

                    B.    **Equitable Tolling**
                          **1. Time-table**

     Simmonds was treated by Martinez on April 28, 1995. However,

she filed her verified proposed complaint with the Committee over

two years later, on November 1, 1997. She filed the instant

---

[15]     The MMA provides that a claimant, before commencing his action in
court, must file a "proposed complaint" with the Medical Malpractice
Committee. *Saludes*, 744 F.2d at 995; 27 V.I.C. § 166i. The Committee sends
copies of the complaint to each of the health care providers named as
defendants, who then have twenty days to file a proposed answer. *Id.* §
166i(c). Upon receipt of the answer, the Committee appoints an expert to
review the malpractice claim and write an opinion "concerning whether or not
the defendant acted or failed to act within the appropriate standards of
medical care . . . ." *Id.* § 166i(d)(1). Either party may use this opinion in
subsequent litigation. *Id.* § 166i(d)(4). The filing of the proposed complaint
with the Committee tolls the applicable statute of limitations until ninety
days after issuance of the expert opinion, *id.* § 166i(b), but the claimant is
free to file his action in court, pursuant to the two-year limitations period
in § 166d, if the Committee has not received its expert opinion within ninety
days of the original filing, *id.* § 166i(c). The period during which the
proposed MMA complaint must be filed is governed by § 166d.

[16] Title V.I.Code Ann. tit. 5, § 31(5) provides, in pertinent part, that
an action alleging personal injury must be filed with the court within two (2)
years after the cause of action has accrued. *Id.*

*Elizabeth Simmonds v. Gov't of the V.I. et al.*
D.C.Civ.App. No. 2003/0137A
Memorandum Opinion
Page 13

action in the Superior Court on July 22, 1998, over three year

after her initial treatment.

The parties do not dispute these facts. Rather, their

dispute turns on an interpretation of the application of the

discovery rule's tolling period to Simmonds' malpractice claim.[17]

## 2. Discovery Rule

Simmonds argues that the discovery rule tolled the

applicable statute of limitations until she learned that

Martinez' alleged conduct sounded in medical malpractice.[18] It is

well settled that for actions brought pursuant to the VITCA and

MMA, the discovery rule applies and determines the claim's

accrual date. *Id.* at 206 (applying the discovery rule to the

VITCA); *Samuel v. Gov't of the V.I.*, 48 V.I. 620, 627-628 (D.V.I.

App. Div. 2006)(applying the discovery rule to the MMA).

Simmonds, relying on *Larrabee*, argues that the statute of

_____

[17]    Although the commencement of the statute of limitations is ordinarily
a question of fact, particularly where resolution of that question depends on
the facts surrounding the parties' discovery of the injury, the question may
be decided as a matter of law where the underlying facts are not disputed and
where reasonable minds cannot differ. *See Bohus v. Beloff*, 950 F.2d 919, 925
(3d. Cir. 1991); *Coregis Ins. Co. v. Baratta & Fenerty, Ltd.*, 264 F.3d 302,
307-308 (3d Cir. 2001) ("Only where the facts are so clear that reasonable
minds cannot differ may the commencement of the limitation period be
determined as a matter of law."); *Samuel*, 48 V.I. at 628-629.

[18] The purpose of the discovery rule is to ensure that a plaintiff is not
unfairly denied right of access to the court because he or she failed to file
his or her claim within the statutory time period. *see Samuel v. Gov't of the
V.I.*, 44 V.I. 201, 206-207 (V.I. Terr. Ct. 2002).

*Elizabeth Simmonds v. Gov't of the V.I. et al.*
D.C.Civ.App. No. 2003/0137A
Memorandum Opinion
Page 14

limitations is tolled in a medical malpractice action until the patient *both* knows of the existence and cause of his injury *and that the acts causing the injury constitute medical malpractice.* See *Larrabee*, 40 V.I. at 48 (emphasis added).

The trial court disagreed. Relying on *U.S. v. Kubrick*, the Superior Court held that a claim accrues when the plaintiff knows the existence and cause of his injury and not at a later date when he also knows that the injury may constitute malpractice. See *Kubrick*, 44 U.S. 111. We are called upon to determine which standard controls.

### a.    *Phillip v. Taylor*[19]

Simmonds cites *Larrabee*. *Larabee* cites *Phillip v. Taylor*, in support of the proposition that a plaintiff's lack of knowledge that an act constitutes malpractice tolls the limitations period. *Phillip* states that:

---

[19] In *Phillip*, the District Court of the Virgin Islands, sitting in its capacity as a court of original federal jurisdiction, reviewed a physician's motion for summary judgment in an action for personal injuries and damages arising out of the allegedly negligent performance of a myelogram procedure. *Phillip*, 18 V.I. 437. The District Court held that since a cause of action for medical malpractice accrues *when the patient knows or has reason to know of the existence and cause of his injury. Id.* (emphasis added). In *Phillip*, the plaintiff's action, filed less than two years after he discovered that the dye injected into his body during the procedure had not been removed, was not barred by the statute of limitations. *Id.* Additionally, because there was a factual dispute existing as to which doctor had the duty to remove the dye, the defendants' motion for summary judgment was denied. *Id.*

Elizabeth Simmonds v. Gov't of the V.I. et al.
D.C.Civ.App. No. 2003/0137A
Memorandum Opinion
Page 15

> In *United States v. Kubrick*, 444 U.S. 111, 100 S. Ct.
> 352, 62 L. Ed. 2d 259 (1979), the Supreme Court
> retrenched the lower courts' expansive interpretation
> of the statute of limitations for the Federal Tort
> Claims Act. *The District Court had held that the cause
> of action in a medical malpractice claim accrued when
> plaintiff both knew the existence and cause of his
> injury, and knew that the acts causing the injury
> constituted malpractice*. The Supreme Court held that
> once the plaintiff knew the existence and cause of his
> injury, the time for the statute began to run.

*Phillip v. Taylor*, 18 V.I. 437, 440 (D.V.I. 1981)

(emphasis added.)

We read the *Phillip* decision to juxtapose the District

Court's incorrect position concerning the discovery rule

against the Supreme Court's authoritative determination on the

matter. The *Phillip* court assuredly did not adopt the trial

court's infirmed holding, nor did it conclude that a cause of

action accrues when the patient becomes aware that she could

file a lawsuit.  Rather, the *Phillip* court explicitly fell in

line with *Kubrick's* standard.[20]

─────────────────

[20] The *Kubrick* decision, upon which *Phillip* relied, held
that:
> We are unconvinced that for statute of limitations purposes,
> a plaintiff's ignorance of his legal rights and his ignorance
> of the fact of his injury or its cause should receive identical
> treatment. That he has been injured in fact may be unknown or
> unknowable until the injury manifests itself; and the facts
> about causation may be in the control of the putative
> defendant, unavailable to the plaintiff or at least very
> difficult to obtain. The prospect is not so bleak for a
> plaintiff in possession of the critical facts that he has been
> hurt and who has inflicted the injury. He is no longer at the

*Elizabeth Simmons v. Gov't of the V.I. et al.*
D.C.Civ.App. No. 2003/0137A
Memorandum Opinion
Page 16

> This Court will follow the overwhelming trend of the
> law and *Kubrick* in holding that . . . this rule would
> include the present rule of 27 V.I.C. § 166d that the
> time limit for a claim against a health care provider
> arising from a foreign object left in a patient's
> body be computed from the time plaintiff discovers
> the object or reasonably should have discovered.

*Phillip*, 18 V.I. at 440.

Nonetheless, quite ironically, the *Larabee* court seems to

cite *Phillip's* notation of the District Court's incorrect

position as controlling *stare decisis* and, in summary fashion,

inappropriately adopts it as a standard of law.

### b. *Larrabee v. Gov't of the V.I.*[21]

*Larrabee*, states in pertinent part that,

> The cause of action in a medical malpractice claim
> accrues, and the statute of limitations begins to run,
> when the patient knows the existence and cause of his

---

> mercy of the latter. There are others who can tell him if he
> has been wronged, and he need only ask. If he does ask and if
> the defendant has failed to live up to minimum standards of
> medical proficiency, the odds are that a competent doctor will
> so inform the plaintiff.

*United States v. Kubrick*, 444 U.S. 111, 122 (U.S. 1979)(citations omitted).

[21] In *Larabee*, defendants, community hospital, government agency, and
treating physicians, filed a motion to dismiss plaintiff's medical malpractice
action on the ground that filing of the complaint was barred by the statutes
of limitations. *Larrabee*, 40 V.I. at 48. Defendants argued that V.I. Code
Ann. tit. 27, § 166i(c), the statutory amendment eliminating the ninety-day
tolling period of the medical malpractice law, could be applied retroactively
to change the status of plaintiff's case to one that was time-barred. *Id*. The
court held that the removal of the tolling provision did not apply
retroactively to existing causes of action, absent a clear legislative intent
to make the removal of the tolling provision retroactive. *Id*. at 50.
Defendants' motion to dismiss plaintiff patient's claim was accordingly
denied. *Id*.

*Elizabeth Simmonds v. Gov't of the V.I. et al.*
D.C.Civ.App. No. 2003/0137A
Memorandum Opinion
Page 17

> injury, and *that the acts causing the injury
> constitute malpractice.*

*Larrabee*, 40 V.I. 46, 48 (V.I. Terr. Ct. 1999)(citing *Phillip
v. Taylor*, 18 V.I. 437 (D.C.V.I. 1981)).

The *Larabee* opinion's position on the discovery rule is
incorrect. We overturn it today.[22] Notwithstanding its
misplaced adoption of an incorrect legal standard, prudential
concerns make clear that if medical malpractice causes of
action are tolled in the Virgin Islands until a party knows
they can sue, then medical malpractice causes of action could
be tolled indefinitely.

Such an interpretation of tolling defies the general
purpose of statute of limitations, the Supreme Court's ruling
in *Kubrick* under the Federal Tort Claims Act[23] and the *Samuel*
court's ruling under the VITCA and MMA.[24] *See, e.g., Kubrick,*
444 U.S. at 117(holding that statutes of limitations are
statutes of repose and afford plaintiffs what legislatures

---

[22] In *Larabee*, the Superior Court was primarily concerned with deciding whether the discovery rule amendment to 27 V.I.C. §1661, should be applied retroactively. *See Larrabee*, 40 V.I. 46. As such, the question of whether a cause of action was tolled until a patient knows that the acts causing the injury constitute malpractice was not an issue that the *Larabee* court directly addressed. *See generally id*. The Superior Court's focus on the retroactive application of the amendment may explain why it did not pay closer attention when citing *Phllip's* legal rule. *Id*. We, however, will not repeat this error.

[23] *Kubrick*, 444 U.S. at 122.

[24] *Samuel*, 44 V.I. at 206-207; *Samuel*, 48 V.I. at 627-628.

*Elizabeth Simmonds v. Gov't of the V.I. et al.*
D.C.Civ.App. No. 2003/0137A
Memorandum Opinion
Page 18

deem reasonable time to prevent courts and defendants from

having to deal with cases in which the search for truth may be

seriously impaired by loss of evidence, whether by death of

witnesses, fading memories, disappearance of documents or

otherwise).

### c. Controlling Standard

> The "polestar" of the discovery rule is not the
> plaintiff's actual knowledge of injury, but rather
> whether the knowledge was known, or through the
> exercise of reasonable diligence, knowable to the
> plaintiff. . . . The question arises whether a
> plaintiff's discovery of the actual, as opposed to
> the legal, injury is sufficient to trigger the
> running of the statutory period. . . We have in the
> past stated that a claim accrues . . . upon awareness
> of actual injury, not upon awareness that this injury
> constitutes a legal wrong.

*Warner v. Ross*, 2001 U.S. Dist. LEXIS 25966 (D.V.I. Sept. 28,

2001)(applying discovery rule to Virgin Islands medical

malpractice claim against dentist)(citing *Oshiver v. Levin,*

*Fishbein, Sedran & Berman*, 38 F.3d 1380, 1386 (3d Cir. 1994)).

The Supreme Court in *Kubrick,* like the Virgin Islands

District Court in *Warner,* and the Virgin Islands Superior Court

in *Samuel,* expressly reject the view that an accrual date

sounding in medical malpractice is based on when the plaintiff

obtains a medical opinion that malpractice likely occurred. *Id.;*

*Kubrick,* 444 U.S. at 118-123; *Samuel v. Virgin Islands,* 48 V.I.

*Elizabeth Simmonds v. Gov't of the V.I. et al.*
D.C.Civ.App. No. 2003/0137A
Memorandum Opinion
Page 19

620, 630-631 (D.V.I. 2006).[25] Such a proposition is simply an unworkable rule. *Kubrick*, 444 U.S. at 118-123. Accordingly, we affirm the Superior Court's conclusion that on April 28, 1995, Simmonds was aware that Martinez was touching her. Simmonds knew that it was wrong, Simmonds knew she was injured, the discovery rule did not apply and consequentially, Simmonds' cause of action accrued on April 28, 1995.

### 3.    Fraudulent concealment

Simmonds also argues that Martinez took affirmative steps to conceal his wrongful conduct when he allegedly cleared the room of her family and friends and removed all hospital personnel and examined her without the presence of a nurse.

The MMA tolls the two-year statute of limitations,

> [F]or any period during which the health care provider had actual knowledge of any act, omission or neglect or knowledge of facts which would reasonably indicate such act, omission or neglect which is the basis for a malpractice claim and failed to disclose such fact to the patient.

27 V.I.C. § 166d (a); *see also Bohus*, 950 F.2d at 924-25

---

[25]

Relying on the date an expert opinion of malpractice was obtained, as Appellant urges, would effectively impose a standard that measures discovery of an injury from the date malpractice is affirmatively established, or by the identification of the legal wrong. That standard is contrary to our precedent, and we reject it here.

*Samuel*, 48 V.I. 620.

*Elizabeth Simmonds v. Gov't of the V.I. et al.*
D.C.Civ.App. No. 2003/0137A
Memorandum Opinion
Page 20

(recognizing fraudulent concealment as an equitable doctrine).

Here, the relevant inquiry is whether there is evidence that the defendant took affirmative steps to conceal the wrongful conduct and whether there was actual concealment. *See Warner v. Ross*, 164 Fed.Appx. at 220-21(citing *Payne v. Gov't of the V.I.*, 44 V.I. 213, 217 (Super. Ct. 2002))("[T]he query in fraudulent concealment cases is whether there is evidence that the defendant took affirmative steps to conceal the wrongful conduct.").

Fraudulent concealment ordinarily requires an affirmative act of concealment from the patient. *See generally id.* Although Martinez may have arguably taken steps to conceal his alleged misconduct from Simmonds' family members, the record does not indicate that Martinez took affirmative steps to conceal his conduct from Simmonds. Moreover, despite Martinez' alleged attempt to conceal, the record simply fails to indicate that Simmonds' cause of injury was ever actually concealed.

Quite oppositely, Simmonds instantly recognized that she suffered injury at Martinez' hands because she avers that she immediately complained to the hospital, its officials and the police. *See Bohus*, 950 F.2d at 925 (holding that "reliance upon the word of one physician when the patient's common sense would lead to a different conclusion is unreasonable"). Thus, we

*Elizabeth Simmonds v. Gov't of the V.I. et al.*
D.C.Civ.App. No. 2003/0137A
Memorandum Opinion
Page 21

affirm the Superior Court's conclusion that tolling on this basis is unwarranted.

### 4.   Wrong Forum

Simmonds also contends that the statute of limitations should be equitably tolled because she filed timely claims, but in the wrong forum.  In support thereof, she cites *Inland Steel Systems, Inc. v. Waters*, 296 F.3d 200, 217, 219 (3d Cir. 2002)(citing *Hosogai v. Kadota*, 145 Ariz. 227, 700 P.2d 1327 (Ariz. 1985)).

Under *Inland Steel*, three factors must be satisfied before the limitations period may be equitably tolled when a party files in a wrong forum: (1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to the defendant in gathering evidence to defend against the second claim; and (3) reasonable and good faith conduct by the Plaintiff in prosecuting the first action and diligence in filing the second action. 296 F.3d at 218.

The first factor under the *Hogasi* rule is timeliness. Simmonds fails to clear this threshold hurdle. According to the record, Appellees first received notice of Simmonds' action on November 1, 1997, when Simmonds filed her verified complaint. This filing occurred over two years after her cause accrued.

*Elizabeth Simmonds v. Gov't of the V.I. et al.*
D.C.Civ.App. No. 2003/0137A
Memorandum Opinion
Page 22

Thus, in our opinion, Appellees did not receive timely notice of the first claim.

Thereafter, Simmonds did not show diligence when she filed her second action with the Superior Court on July 12, 1998. This filing occurred over eight month after her initial filing and over three years after her claim accrued. We also consider this belated filings objectively untimely. Consequentially, we must affirm the Superior Court's ruling that equitable tolling does not apply to Simmonds' wrong forum contention.

## C.    Waiver of Affirmative Defense

Simmonds argues that compliance with the MMA's pre-filing procedures is an affirmative defense that Martinez waived when he failed to plead it in his answer. Simmonds theorizes that in her action against Martinez the issue of sovereign immunity is irrelevant, therefore removing one of the traditional basis for insisting on strict compliance with the MMA's limitations period.[26]

---

[26] In 33 V.I.C. § 3408, (VITCA) the Government waived its immunity from suits and consented to liability for property damage or loss and for personal injury or death, which results from the action(s) of a government employee acting within the scope of his or her employment. *See Quinones v. Charles Harwood Memorial Hospital*, 573 F. Supp. 1101 (quoting *V.I. Telephone Corp. v. Government of the Virgin Islands*, 13 V.I. 405 (D.V.I. 1977)). However, the Government's consent does not authorize an unconditional right to haul it into court for such alleged injuries. *Id.* To that end, the Virgin Islands Legislature enumerated definite pre-filing procedures in 33 V.I.C. § 3409 that must be strictly adhered to before the Court can have subject matter jurisdiction over a claim brought against the Government. *See id.*

*Elizabeth Simmonds v. Gov't of the V.I. et al.*
D.C.Civ.App. No. 2003/0137A
Memorandum Opinion
Page 23

However, the MMA's mandatory, jurisdictional pre-filing

requirement[27] applies equally to both the Government[28] and

private health care providers.[29] *See Berry v. Curreri*, 837 F.2d

623, 626 (3d Cir. 1988); *Saludes*, 19 VI at 547; *Quinones*, 573 F.

Supp. at 1103; *see also Quinones v. Charles Harwood Memorial*

*Hospital*, 573 F. Supp. 1101, 1104, (D.V.I. 1983); *Saludes v*

*Ramos* 744 F.2d 992 (3d Cir. 1984); *Abdallah v. Callender* 1 F.3d

141, 144-45 (3d Cir. 1993); *Berry*, 837 F.2d at 626; *Wiltshire v.*

*Government of the Virgin Islands, Islands*, 893 F.2d 629, 636-37

---

[27] A principal feature of that Act is that the Government of the Virgin Islands procures a group insurance policy for all Virgin Islands health care providers both public and private.  27 V.I.C. § 166e; 837 F.2d at 626. The premiums of which are paid, in part, by public funds. *Id.*

[28] The provisions of the Health Care Provider Malpractice Act apply to "health care providers who are covered by the Government of the Virgin Islands, the Department of Health's Self-Insurance Retention Program or any other insurance policy as provided for in 27 V.I.C. § 166e." *Missar v. Bucher*, 46 V.I. 15, 20 (V.I. Terr. Ct. 2004); 27 V.I. Code Ann. § 166a (1997). Thus, the provisions apply equally to all health care providers, public and private, so long as they are covered by either a medical malpractice liability insurance policy procured by the government or any other insurance policy that meets the standards of 166e(e)(3). *Id.* The Virgin Islands Legislature clearly did not intend for The Health Care Provider Malpractice Act to apply differently to suits against governmental health care providers than it does to suits against private health care providers, which is what would happen if the Court were to interpret this section as Simmonds suggests. *See Missar*, 46 V.I. at 20.

[29]

Health care provider" means a person, corporation, facility or institution who must be licensed by this territory to provide health care or professional medical services including a medical, osteopathic, chiropractic or naturopathic physician, hospital, dentist, registered or licensed practical nurse to include the Advanced Practice Registered Nurse, optometrist, podiatrist, physical therapist, psychologist, paramedical personnel, emergency medical technician, pharmacist and laboratory technician.

27 V.I.C. § 166(c).

Elizabeth Simmonds v. Gov't of the V.I. et al.
D.C.Civ.App. No. 2003/0137A
Memorandum Opinion
Page 24

(3d Cir. 1990); *Espinosa v. Government of the Virgin Islands, Islands*, 20 V.I. 78 (Terr. Ct. 1983); *Freeman v. Government of the Virgin Islands, Islands*, 25 V.I. 360, 362 (D.C.V.I. 1990); *Missar v. Bucher*, 46 V.I. 15, 18-19 (V.I. Terr. Ct. 2004).

It is axiomatic that statutory jurisdiction is a mandatory consideration that may be raised at any time. Thus, we reject Simmonds argument that Martinez waived the statute of limitations argument by failing to address it in his answer.

### D.   Equitable Relief

Ms. Elizabeth Simmonds alleges that she was viciously attacked by her doctor and calls for equity.  We recognize that physicians, by virtue of their roles as stewards of public health, acquire a place of sacred trust in our community. Consequentially, it is customary for even the most prudent of patients to grant his or her physician unfettered access to otherwise private experiences and intimate spaces. Simmonds alleges a heinous violation of that trust.  We are moved by the nature of her allegations.  Hence, looking at the facts in a light most favorable to Ms. Simmonds (the non-moving party) we are compelled to address the availability of equitable relief.

In our opinion, the most viable equitable argument is that Ms. Simmonds justifiably relied upon *Larabee*, despite its

*Elizabeth Simmonds v. Gov't of the V.I. et al.*
D.C.Civ.App. No. 2003/0137A
Memorandum Opinion
Page 25

mistaken citation of law.  The premise here is that it would be unfair to expect the plaintiff to predict that *Larabee's* citation was incorrect if she relied on *Larabee* when making her filings. *See Hilton v. South Carolina Public Railways Comm'n.,* 502 U.S. 197, 201-202 (1991)("Stare decisis has added force when ... citizens, in the private realm have acted in reliance on a previous decision... [if] overruling the decision would dislodge settled rights and expectations...").  However, this argument goes but so far.

*Larabee* was decided on February 9, 1999, over one year after Ms. Simmonds filed her verified complaint and over six months after she filed this action in the Superior Court.[30] Thus, she could not have reasonably relied upon *Larabee* because her allegations (both before the Committee and the Superior Court) were filed before *Larabee's* issuance.

In the absence of equitable arguments, Ms. Simmonds does not advance, nor can we identify any reasonably appropriate equitable remedy to overcome the strict statutory limitations bar.  As we noted, *supra*, the MMA and VITCA's statutes of limitations are mandatory and jurisdictional. *Saludes v. Ramos*

---

[30] On November 1, 1997, Simmonds filed her verified complaint and notice of Intention to sue with the Medical Malpractice Action Review Committee ("Committee"). On July 22, 1998, she filed the underlying action with the Superior Court of the Virgin Islands.

*Elizabeth Simmonds v. Gov't of the V.I. et al.*
D.C.Civ.App. No. 2003/0137A
Memorandum Opinion
Page 26

744 F.2d 992 (3d Cir. 1984). The law does not provide that the equitable tolling exception occurs for as long as a plaintiff remains ignorant that she can sue for medical malpractice. *Kubrick*, 444 U.S. at 122; *Phillip*, 18 V.I. at 441; *Samuel*, 48 V.I. at 627-628. This standard is controlling. Stare decisis mandates that we follow it.[31]

At first blush, the seriousness of Ms. Elizabeth Simmonds' allegations present a compelling case to fashion some form of equitable relief to test the merits of her claims against the fact-finding process. However, we cannot reflexively carve out an arbitrary niche of relief from fixed and enduring standards of law based solely on an emotive response to Ms. Simmonds' circumstance.

Sir John Salmond expressed the sentiment well when he wrote:

> In the application of and enforcement of a fixed and predetermined rule, alike for all and not made for or regarding his own case alone, a man will willingly acquiesce. But to the 'ipse dixit' of a court, however just or impartial, men are not so constituted as to afford the same ready obedience and respect.

---

[31] The doctrine of stare decisis has long been recognized in Virgin Islands jurisprudence. *See Municpiality of St. Thomas and St. John v. Robinson*, 1 V.I. 88 (D.V.I. 1925). The Supreme court has held time and time again that the doctrine of stare decides is of fundamental importance to the rule of law; and is most compelling . . . where, as here, questions of statutory construction have been established. *See, e.g., Hilton v. south Carolina Public Railways Comm'n.*, 502 U.S. 197, 205(1991).

*Elizabeth Simmonds v. Gov't of the V.I. et al.*
D.C.Civ.App. No. 2003/0137A
Memorandum Opinion
Page 27

Quoted in Cooperrider, The Rule Of Law And The Judicial

Process, 59 Mich.L.Rev. 501, 505 (1961); *Marino v. Bowers*, 657

F.2d 1363, 1371-1372 (3d Cir. 1981); *see also Hilton*, 502 U.S.

at 201(the court's analysis and ultimate determinations are

controlled and informed by the cental importance of *stare

decisis*). Accordingly, because our proper judicial boundaries

mandate following the precedential rule of law, we cannot

fashion the equitable relief this Appellant seeks.

## V. CONCLUSION

For the reasons cited above, we can identify no disputed

genuine issue of material fact.  The Appellees are entitled to

summary judgment on the questions of law presented. We

accordingly affirm the Superior Court's March 12, 2002 order and

August 5, 2003 order and memorandum opinion. An order consistent

with this opinion shall follow.